*E-Filed 10/25/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TIMOTEO C. PLANCARTE,

             Petitioner,

    v.

GARY SWARTHOUT, Warden,

             Respondent.

_____/

No. C 12-3304 RS (PR)

**ORDER TO SHOW CAUSE;**

**ORDER DENYING MOTION TO APPOINT COUNSEL**

## INTRODUCTION

Petitioner seeks relief from his state convictions.  The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition appears untimely under 28 U.S.C. § 2254.  Petitioner was convicted in 2009, but the instant action was not filed until 2012.  **<u>Respondent is directed to consider whether the petition is untimely.  If he so concludes, he may file a motion to dismiss on grounds of untimeliness, though he is not required to do so.</u>**

**BACKGROUND**

According to the petition, in 2009, a Santa Clara County Superior Court jury convicted petitioner of robbery and false imprisonment.  He received a sentence of eleven years in state prison.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) his confession was coerced; (2) defense counsel rendered ineffective assistance; (3) there was insufficient evidence to support his robbery conviction; (4) the jury was given incorrect instructions; and (5) his conviction for false imprisonment violated due process and his right to a jury trial. When liberally construed, these claims are cognizable on federal habeas review.

**MOTIONS**

Petitioner's application to appoint as counsel Randy Baker (Docket No. 4) is DENIED.  There is no right to counsel in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only

No. C 12-3304 RS (PR)
ORDER TO SHOW CAUSE

when exceptional circumstances are present.  *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).  Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.  If Randy Baker wishes to appear, *pro bono* or at petitioner's cost, on petitioner's behalf, he is free to do so, provided he meets the Court's requirements of persons seeking to act as counsel, but the Court will not, as the action now presents itself, appoint him as counsel.  As Mr. Baker has filed papers on behalf of petitioner, the Court will consider him attorney of record for this action, and will assume he is appearing *pro bono* or at petitioner's cost.  If Mr. Baker does not wish to be counsel of record, he may, of course, file a motion to withdraw as counsel. This order terminates Docket No. 4.

Petitioner's application (Docket No. 2) to proceed *in forma pauperis* ("IFP") is GRANTED.  The Clerk shall terminate Docket No. 2.

## CONCLUSION

1.  The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner's counsel.

2.  Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

No. C 12-3304 RS (PR)
ORDER TO SHOW CAUSE

4.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8.  Petitioner's motion to appoint Randy Baker as counsel is DENIED.  His motion to proceed IFP is GRANTED.  The Clerk shall terminate Docket Nos. 2 and 4.

9. The petition appears untimely under 28 U.S.C. § 2254.  Petitioner was convicted in 2009, but the instant action was not filed until 2012.  **<u>Respondent is directed to consider whether the petition is untimely.  If he so concludes, he may file a motion to dismiss on grounds of untimeliness, though he is not required to do so.</u>**

**IT IS SO ORDERED**.

DATED:  October 25, 2012

RICHARD SEEBORG
United States District Judge